IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DE-VAUNTE J. TAYLOR, | ) | 4:14CV3127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JAMES E. HOLTMEYER, STATE | ) | |
| OF NEBRASKA, and OMAHA | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff De-Vaunte J. Taylor ("Taylor" or "Plaintiff") filed his Complaint in this matter on May 30, 2014. (Filing No. 1.) This court has given Taylor leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Taylor brings this action pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments. Taylor alleges that on May 31, 2013, Omaha Police Department Officer James E. Holtmeyer pulled over the vehicle Taylor was driving. Taylor alleges Holtmeyer assaulted him during a traffic stop. Taylor alleges, in relevant part:

> James E. Holtmeyer pulled behind me in an alleged traffic stop. Office[r] Holtmeyer then instructed me out of the Tahoe truck I was driving at gun point. He then instructed me to turn around and put my hands up which I did. Officer Holtmeyer then pushed me down sideways into the drivers [sic] side cockpit of the Tahoe truck I was driving where he climbed on top of me placing me in a choke hold and then drug me up out of the cockpit of the Tahoe truck and proceeded to

> call me Leanglo and punched me in the face several times before slam[m]ing me to the ground. All this is caught on video by the police car cam[e]ra.

(Filing No. 1 at CM/ECF pp. 4-5.)

As a result of this incident, Taylor claims he suffered a "black eye, swollen face, back pains, mental suffering, [and] depression." (*Id.* at CM/ECF p. 5.) As relief, Taylor asks the court to order the State of Nebraska, the Omaha Police Department, and Holtmeyer to pay Taylor $1,000,000.00. He also asks the court to order Holtmeyer to resign. (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). A pro se

plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION OF CLAIMS

**A.    Sovereign Immunity**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity.  *See*, *e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).  Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress.  *See*, *e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).

Taylor asks the court to order the State of Nebraska to award him monetary relief because it "hired officer James E. Holtmeyer to protect the public and uphold the law.  Therefor[e] [it is] liable."  (Filing No. 1 at CM/ECF p. 4.)  However, the Eleventh Amendment bars Taylor's § 1983 claim for monetary relief against the State of Nebraska in this case.  Accordingly, the court will dismiss Taylor's claims against the State of Nebraska.

B.     **Claims against the City of Omaha, Nebraska**

Taylor has named the Omaha Police Department as a defendant in this matter. The court construes a suit against the Omaha Police Department as being a suit against the City of Omaha, Nebraska. Further, the court construes a suit against Holtmeyer in his official capacity as being a suit against the City of Omaha, Nebraska. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

As a municipal defendant, the City of Omaha, Nebraska, may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *See Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Here, Taylor alleges only that the Omaha Police Department "hired officer James E. Holtmeyer to protect the public and uphold the law. Therefor[e] [it is] liable." (Filing No. 1 at CM/ECF p. 4.) In other words, Taylor has not alleged the existence of a policy or custom that led to his injuries. Accordingly, the court will dismiss Taylor's claims against the City of Omaha, Nebraska, without prejudice to reassertion in an amended complaint.

C.     **Individual-Capacity Claims Against Holtmeyer**

Taylor alleges Holtmeyer drew his weapon during a traffic stop, pushed Taylor, placed Taylor in a choke hold, drug Taylor out of his vehicle, punched Taylor in the face several times, and slammed Taylor to the ground.

The Fourth Amendment's right to freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). Such a claim is analyzed under the Fourth

Amendment's reasonableness standard. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Samuelson v. City of New Ulm*, 455 F.3d 871, 875 (8th Cir. 2006) (internal citations and quotations omitted).

Here, the court concludes that Taylor has stated a viable excessive force claim against Holtmeyer in his individual capacity. Accordingly, the claim may proceed to service of process. The court cautions Taylor that this is only a preliminary determination based on the allegations of the Complaint. This is not a determination of the merits of Taylor's claims or potential defenses thereto.

## IV. MOTION TO APPOINT COUNSEL

Taylor seeks the appointment of counsel (Filing No. 11). The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Taylor's claims against Holtmeyer in his individual capacity may proceed to service of process.

5

2. Taylor's claims against the State of Nebraska, the Omaha Police Department, and his claims against Holtmeyer in his official capacity are dismissed without prejudice.

3. To obtain service of process on Holtmeyer, Taylor must complete and return the summons form that the Clerk of the Court will provide. The Clerk of the Court shall send one summons form and one USM-285 form to Taylor together with a copy of this Memorandum and Order. Taylor shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the Court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the Court will sign the summons form, to be forwarded with a copy of Taylor's Complaint to the United States Marshal for service of process. The Marshal shall serve the summons and the Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the Court will copy the Complaint and Taylor does not need to do so.

5. Federal Rule of Civil Procedure 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Taylor is informed for the first time of these requirements, Taylor is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6. Taylor is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "January 21, 2015: Check for completion of service of summons."

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

9. Taylor's Motion to Appoint Counsel (Filing No. 11) is denied without prejudice to reassertion.

DATED this 23rd day of September, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.