IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DE-VAUNTE J. TAYLOR, | ) | 4:14CV3127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JAMES E. HOLTMEYER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to File an Amended Complaint (Filing No. 27). Plaintiff seeks leave to amend his complaint to add two additional defendants, the Omaha Police Department and Omaha Police Department Chief Todd Schmaderer. The court has carefully reviewed Plaintiff's proposed amended complaint (*see* Filing No. 27 at CM/ECF pp. 3-7) and, for the reasons explained below, it finds that leave to amend should be denied.

Rule 15 of the Federal Rules of Civil Procedure provides "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent . . . reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* Here, the amendments Plaintiff proposes are futile.

First, Plaintiff seeks leave to name the Omaha Police Department as a defendant. The court construes a suit against the police department as being a suit against the City of Omaha, Nebraska. For a municipality to be found liable under § 1983, there must be

a showing a governmental employee was acting in accordance with a government policy or custom.

"Official policy involves 'a deliberate choice to follow a course of action made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990)(quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). In order to establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not assert that Defendant James Holtmeyer was acting in accordance with official government policy when he allegedly assaulted him. In addition, Plaintiff does not allege there was a continuing, widespread, persistent pattern of unconstitutional misconduct by the City of Omaha or its employees, or that City of Omaha policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. Finally, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, he has failed to state a claim for relief against the City of Omaha.

Second, Plaintiff seeks leave to name Omaha Police Department Chief Todd Schmaderer as a defendant. However, he alleges solely that Schmaderer "failed to ensure

that Officer Holtmeyer was trained properly and understood his training." (Filing No. 27 at CM/ECF p. 4.) A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (citing *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)). Rather, a supervisor's liability arises if:

> he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights. The plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts. This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.

*Tlamka*, 244 F.3d at 635 (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996)).

Plaintiff did not allege Schmaderer directly participated in violating Plaintiff's constitutional rights or that he had notice that training procedures and supervision were inadequate. Accordingly, his facts, as alleged, fail state a claim upon which relief may be granted against Schmaderer.

IT IS THEREFORE ORDERED that: Plaintiff's Motion for Leave to File an Amended Complaint (Filing No. 27) is denied without prejudice to reassertion.

3

DATED this 17th day of February, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.