IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DE-VAUNTE J. TAYLOR,<br><br>              Plaintiff,<br><br>vs.<br><br>JAMES E. HOLTMEYER,<br><br>              Defendant. | 4:14-CV-3127<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the defendant's motion for summary judgment (filing 50) and the plaintiff's motion pursuant to Fed. R. Civ. P. 56(d) (filing 54). For the following reasons, the Court will grant the plaintiff's Rule 56(d) motion and deny the defendant's motion for summary judgment without prejudice.

      Under Rule 56(d), a court may defer considering a summary judgment motion or allow time for discovery "[i]f a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition." However, Rule 56 does not require trial courts to allow parties to conduct discovery before entering summary judgment. *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015). Thus, the Court possesses wide discretion in denying Rule 56(d) motions. *Id.* And the Court's discretion is further restricted when a summary judgment motion based on qualified immunity is at issue, reflecting the concern that insubstantial claims against government officials be resolved prior to discovery and on summary judgment if possible. *Id.*

      The Court also recognizes that "the mere assertion that evidence supporting a party's allegation is in the opposing party's hands is insufficient to justify a denial of a summary judgment motion on Rule 56(d) grounds." *Id.* (quoting *Jones v. City & Cnty. of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir. 1988)). But the Court is satisfied that good cause exists to grant the plaintiff's Rule 56(d) motion here. Counsel was appointed to represent the plaintiff in this case on August 19, 2015. Filing 41. That fact alone is sufficient to distinguish this case from one in which counsel had been in a position to conduct discovery and gather evidence before filing suit, and immediately after filing a complaint. The Court agrees with the plaintiff that when the defendant's motion for summary judgment is premised primarily on the defendant's own affidavit, see filing 52, the basic opportunity to depose

the defendant is essential in responding to the summary judgment motion, see filing 56.

And the defendant does not really argue otherwise. Although the defendant expressly assented only to an extension of the plaintiff's response deadline, *see* filing 59, the defendant's response to the plaintiff's motion did not raise any other opposition to it. The Court has carefully considered whether to simply extend the plaintiff's response deadline, as agreed to by the defendant. However, the Court finds that do so might affect the burdens of production in a way that would disadvantage the defendant, or at the very least complicate the Court's briefing schedule.

It is well understood that on a motion for summary judgment, it is the movant's initial burden to show—that is, to point out to the Court—an absence of evidence to support a nonmoving party's case; then, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. *See*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Midwest Oilseeds, Inc. v. Limagrain Genetics Corp.*, 387 F.3d 705, 714 (8th Cir. 2004). But under these circumstances, the additional discovery to be conducted before the plaintiff's response to the defendant's motion for summary judgment will likely produce evidence useful to both sides. And that, in turn, might permit the defendant to "sandbag" the plaintiff by presenting argument or evidence in his reply that would more properly have been brought in support of the motion initially.[1] *See Salerno v. Ridgewater Coll.*, No. 06-1717, 2008 WL 509001, at *4 (D. Minn. Feb. 8, 2008) (citing *Edwards v. Honeywell, Inc.*, 960 F.2d 673, 674 (7th Cir. 1992)).

Rather than assume that risk, the Court would prefer to start fresh after the parties have had a reasonable opportunity to conduct discovery. Accordingly, the Court will grant the plaintiff's Rule 56(d) motion and deny the defendant's motion for summary judgment without prejudice.

IT IS ORDERED:

1. The plaintiff's Rule 56(d) motion (filing 54) is granted.

2. The defendant's motion for summary judgment (filing 50) is denied without prejudice to reassertion after a reasonable time for the parties to conduct discovery.

---

[1] To be clear: the Court is not in any way accusing the defendant of anything improper. The Court is concerned about unintended consequences, not deliberate manipulation of the rules.

Dated this 23rd day of November, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge