## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

DE-VAUNTE TAYLOR,                         )          Case No. 4:14CV3127
                                          )
        Plaintiff,              )
                                          )
v.                                        )
                                          )
JAMES HOLTMEYER,                          )
                                          )
        Defendant.              )

## PROTECTIVE ORDER

This matter came before the Court upon the parties' Stipulation for a Protective Order to establish and maintain the confidentiality of certain documents and other things that may be produced by either party during the course of this litigation (hereinafter, "items"), including, but not limited to, items in the OPD Internal Affairs Unit records from its investigation and resolution of a complaint by Plaintiff against the Defendant, and any documents maintained by the Internal Affairs Unit pertaining to other reports or complaints concerning the Defendant.

This Court being advised in the premises, finds that the following Protective Order is appropriate.

IT IS ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.     Counsel for the parties shall identify any other items proposed to be included in this Protective Order and shall make a good faith effort to agree on which items shall be included. The written consent of opposing counsel to the inclusion of specified items, whether by a document or electronically, shall be sufficient to bring those items within the coverage of this Order. Until such time as an agreement can be reached, all documents that are identified as confidential when provided shall remain protected pursuant to this Order.

2.     If the parties cannot agree on the inclusion of additional items, they shall provide the Court with a list of the items, described with sufficient particularity to enable the Court to understand the nature of each item, together with a *brief* statement of the party's reason(s) for or against inclusion.

3.  The party producing the protected items shall mark them as confidential prior to copying, or by agreement between counsel, the receiving party shall mark the copies as confidential promptly after receipt.

4.  Neither the protected items, nor any written or electronic abstract or summary of the contents, shall be disseminated, disclosed, revealed, or released to any person or entity. The protected items, however, may be disclosed by receiving counsel in whole or in part to persons regularly employed by receiving counsel or by written contract assisting counsel in the preparation and presentation of this case, to parties to this litigation, and the Court and its personnel.

5.  Any person or entity to whom protected items are disclosed by receiving counsel pursuant to Paragraph 4 shall not re-disclose all or any part of the protected items.

6.  Prior to any disclosure authorized by Paragraph 4 above, each person to whom disclosure is to be made shall be provided with a copy of this Protective Order, and shall agree in writing to be bound by its terms and conditions.

7.  All copies shall be made by employees of counsel for the parties without disclosing the material to any outside firm or person unless approved by counsel for the disclosing party. .

8.  All copies shall be considered to be protected items to the same extent as the original material, and use of any copy shall be subject to the terms of this Protective Order to the same extent as the original material.

9.  In the event a protected item needs to be used for purposes of a motion or other filing with the Court, Local Rule 7.5 shall be followed.

10.  The use of knowledge of the contents or substance of any protected item for the purpose of investigation, interviewing or questioning prospective witnesses, or the taking of depositions shall not be deemed a violation of this Protective Order. In the event a protected item consists of a statement made by any person, discussion by counsel of the contents of that statement with the person making the statement shall not be deemed a violation of this Protective Order.

11.  Use of one or more protected items as an exhibit in a deposition of a party or witness shall not be deemed a violation of this Protective Order, provided that counsel who marked and used a protected item as a deposition exhibit shall retain each exhibit, and such exhibits shall not be included with the transcript of the deposition unless otherwise ordered by the Court, or in

compliance with Local Rule 7.5. The transcript may identify the item only in a manner that does not disclose the content or substance.

12.    Any item which is or might be proposed for inclusion under this Protective Order, but which has been publicly or otherwise disclosed, disseminated, revealed or released prior to the signing of this Order shall not be covered by this Order. Any item which is, by operation of law, a public record accessible for inspection, review and/or copying by a member of the general public, shall not be covered by this Protective Order.

13.    Costs of copying the protected items shall be borne by the party requesting them, as well as the costs of copying non-protected items.

14.    The provisions of this Protective Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the City of Omaha has waived confidentiality in writing. Waiver of confidentiality by the City of Omaha shall be deemed waiver of confidentiality by all Defendants.

15.    For any violation of this Protective Order the Court may impose such sanctions as the Court deems appropriate, after notice and an opportunity to be heard, on a party, a party's attorney, or on any other person or entity who has had notice of this Protective Order.

16.    At the conclusion of this case, *i.e.*, after the exhaustion of all appeals and the issuance of the Court's mandate, all protected items and all copies of protected items shall be returned to the disclosing party. In the event the receiving party has made electronic copies of a protected item, *e.g.*, a PDF copy of a document, the original and all subsequent electronic copies shall be deleted from all computers and electronic storage media, and the fact of that deletion shall be certified in writing to the party originally disclosing the protected item(s).

DATED this 25th day of February, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

-3-