IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DE-VAUNTE J. TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES E. HOLTMEYER,<br><br>Defendant. | 4:14-CV-3127<br><br>ORDER |

    This matter is before the Court on several motions filed by plaintiff's appointed counsel: a motion to extend the deadline for the plaintiff to file a notice of appeal (filing 86), a motion for reimbursement from the Federal Practice Fund (filing 87), and a motion to withdraw (filing 88). Each motion will be granted.

    First, the Court finds that the plaintiff's circumstances, as set forth in filing 86, present good cause for extending the time to file a notice of appeal. *See* Fed. R. App. P. 4(1)(5). The plaintiff's notice of appeal may be filed on or before **June 22, 2016**.[1] The plaintiff is advised that should he move to proceed *in forma pauperis*, he will be required pursuant to the Prison Litigation Reform Act to pay the full amount of the $505.00 appellate filing fee by making monthly payments to the Court. 28 U.S.C. § 1915(b). The Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997). The appellate filing fee is assessed when the Court receives the notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

---

[1] For the plaintiff's benefit, the Court notes that when

> an inmate confined in an institution files a notice of appeal . . . the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration [that the statement is true and correct, under penalty of perjury,] or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c)(1); *see also* 28 U.S.C. § 1746.

Second, the Court has reviewed the plaintiff's request for reimbursement from the Federal Practice Fund (filing 87), based on materials that were presented to the Court *ex parte* for *in camera* review. The Court finds that the claimant's purposes for incurring the expenses are appropriate. The Court is also satisfied that other funds are unavailable to pay these expenses, and that counsel kept the costs as low as possible. Accordingly, the Court will grant the plaintiff's request. Specifically, the Clerk of the Court will be directed to pay counsel the remaining $1,000 attorney's fee prescribed by the Federal Practice Fund Plan for representing the plaintiff, and the Clerk of the Court will be directed to pay counsel the sum of $9,583 for incurred expenses.

Finally, plaintiff's counsel has moved to withdraw. Filing 88. The Court finds that the scope of its authority to appoint counsel, pursuant to NEGenR 1.7(g), is limited to proceedings before this Court, and those proceedings have concluded. Accordingly, withdrawal is appropriate, and the Court will grant counsel's request.

IT IS ORDERED:

1. Plaintiff's motion to extend the deadline to file a notice of appeal (filing 86) is granted.

2. The plaintiff's notice of appeal may be filed on or before June 22, 2016.

3. Counsel's motion for reimbursement from the Federal Practice Fund (filing 87) is granted.

4. The Clerk of the Court shall to pay counsel the remaining $1,000 attorney's fee prescribed by the Federal Practice Fund Plan.

5. The Clerk of the Court shall pay counsel the additional sum of $9,583 for incurred expenses.

6. Counsel's motion to withdraw (filing 88) is granted.

7. The Clerk of the Court is directed to provide a copy of this order to the plaintiff at his last known address.

Dated this 2nd day of May, 2016.

BY THE COURT:

_____
John M. Gerrard
United States District Judge